

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| JOSE VIDAL CARCAMO,<br>Petitioner, | § § § | |
| vs. | § § | Civil Action No. 9:26-141-MGL |
| FIELD OFFICE DIRECTOR, *U.S. Immigration and Customs Enforcement*,<br>Respondent. | § § § | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING PETITIONER'S PETITION,
AND RENDERING AS MOOT PETITIONER'S MOTION FOR
A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

---

Petitioner Jose Vidal Carcamo (Carcamo) filed a petition for a writ of habeas corpus and a motion for a temporary restraining order or a preliminary injunction against Respondent Field Office Director, U.S. Immigration and Customs Enforcement (Respondent).

The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court the petition be granted and the motion be denied as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

1

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 2, 2026.  Respondent filed objections to the Report, and Carcamo filed a reply to those objections.  The Court has carefully reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The Report fully explains the procedural and factual history of this case.  In summary, Carcamo is a native and citizen of Honduras, who originally entered the United States without authorization.  He was later convicted of aiding and abetting cocaine distribution and was therefore subject to removal.  Immigration and Customs Enforcement (ICE)—whose conduct for which Respondent is now responsible—obtained an order of removal pursuant to 8 U.S.C. § 1228(b).  On January 9, 2020, however, an Immigration Judge granted Carcamo's application for deferral of removal because removal to Honduras would violate the Convention Against Torture.  Respondent then determined removal to a country other than Honduras was not viable.  Because Respondent was unable to remove Carcamo in the reasonably foreseeable future, on February 12, 2020, he was released from custody under an order of supervision.

The order of supervision required Carcamo to annually report to Immigration and Customs Enforcement (ICE), and he did so each year.  On January 14, 2026, Carcamo reported to the ICE office in Charleston, South Carolina for his annual check-in.  He was then taken into custody.  At that time, Respondent provided him with a "Notice of Revocation of Release" which cited 8 C.F.R. § 241.13 as the basis of his detention.  Section 241.13 "establishes special review procedures" for certain aliens who have "provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the

reasonably foreseeable future." 8 C.F.R. § 241.13. In the Notice Respondent stated "changed circumstances"—without any specification or explanation—meant "there is a significant likelihood of removal in the reasonably foreseeable future." Notification of Revocation of Release, at 1. Carcamo has been detained by Respondent since January 14.

Respondent filed just two objections to the Report, the first being the Magistrate Judge incorrectly concluded ICE failed to comply with agency regulations for revoking release of an alien who was previously released from custody due to an inability to remove the alien to another country. Specifically, Respondent asserts ICE complied with 8 C.F.R. § 241.4(l)(2) because Respondent has determined "it is appropriate to enforce a removal order . . . against an alien" and "the purposes of release have been served." Respondent's Objections at 2 (quoting 8 C.F.R. § 241.4(l)(2)). The Magistrate Judge addressed this argument, and the Court agrees with the analysis in the Report.

First, the Notice of Revocation of Release Carcamo was provided upon his detention fails to refer to 8 C.F.R. § 241.4 as a basis of detention but instead references 8 C.F.R. § 241.13. Therefore, it appears Respondent used § 241.13 as opposed to § 241.4 as the basis for its detention of Carcamo. Thus, § 241.13 controls Carcamo's current detention and removal rather than § 241.4.

Second, because Carcamo was previously released under § 241.4, that section can apply to him once more only if ICE determines, "because of a change of circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future to the country to which the alien was ordered removed or to a third country." § 241.4(b)(4). As explained in the Report, however, Respondent has failed to offer any explanation of the "change of circumstances" that would now support Carcamo's detention or his removal in the foreseeable

future. Therefore, § 214.4 is inapplicable and Respondent's first objection will be overruled. Respondent is permitted to detain Carcamo only if it complies with § 214.13.

In the objections to the Report, Respondent neglects to particularly argue ICE has complied with § 214.13. However, to the extent it does, the Court disagrees because, as explained above, Respondent has failed to offer any explanation of the change of circumstances that justifies a belief Carcamo may be removable in the reasonably foreseeable future. The regulation is clear there must be an individualized finding circumstances have changed, and it provides factors to consider in making that determination. *Kong v. United States*, 62 F.4th 608, 620 & n.13 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(f), (i)(2)) ("Section 241.13 governs how ICE should determine whether there is a significant likelihood of removing a noncitizen in the reasonably foreseeable future."). Further, without an explanation of the change in circumstances, Carcamo was not actually "notified of the reasons for revocation of his or her release" as required by the regulation. 8 C.F.R. § 241.13(i)(3). Absent any showing of changed circumstances and notice of the same to Carcamo, Respondent has failed to comply with its own regulations and Carcamo's continued detention is unlawful. Accordingly, the Court will overrule Respondent's first objection.

Respondent's second objection is to the Magistrate Judge's recommendation Carcamo's continued detention violates his constitutional due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas* the Court considered how long the Government can detain an alien under 8 U.S.C. § 1231(a). Section 1231(a) provides, "the Attorney General shall remove the alien from the United States within a period of 90 days" from the time an alien is ordered to be removed, which is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). *Zadvydas* considered the circumstance, like here, where the Government is unable to remove an alien within the initial ninety-day removal period. 533 U.S. at 682.

The Court held: "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Id.* at 689.  More specifically, it held detention for up to a total of six months is "presumptively reasonable," but further detention must be justified by the likelihood removal will soon occur.  *Id.* at 699-700.

Respondent asserts this six-month presumption applies because Carcamo "ha[s] only been detained since January 14, 2026."  Respondent's Objections at 3.  Carcamo, on the other hand, contends the six months began when his removal order became final on February 8, 2020.  The Magistrate Judge considered this argument as well, and the Court again agrees with the analysis in the Report.

As the Magistrate Judge noted, although a handful of courts have accepted Respondent's argument and determined the six months restarts upon re-detention, the clear majority of them disagree.  *E.g. Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 6003485, at *7 n.6 (W.D. La. Oct. 15, 2019), *report and recommendation adopted*, No. 1:19-CV-670-P, 2019 WL 6037220 (W.D. La. Nov. 13, 2019) (noting courts "broadly agree that 'the six-month period [under *Zadvydas*] does not reset when the government detains an alien under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again'" (citations omitted) (alteration original)).  The Court agrees the six months began in 2020 because the statute provides:

> The removal period begins on the latest of the following:
>
> (i)     The date the order of removal becomes administratively final.
>
> (ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii)     If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  The order of removal Respondent contends now requires Carcamo's removal became "administratively final" after neither Carcamo nor Respondent appealed the decision in 2020.  Thus, the removal period began in 2020.  Because Respondent fails to object to any other part of the Magistrate Judge's analysis under *Zadvydas*, and because it appears that analysis is correct, the Court will also overrule Respondent's second objection.

Finally, in his petition for a writ of habeas corpus, Carcamo requested attorney's fees and other costs under the Equal Access to Justice Act (EAJA) "or any other provision of law."  Petition for a Writ of Habeas Corpus ¶ 91.  Respondent asserts, however, Carcamo is barred from receiving attorney's fees and costs under the EAJA.  In reply, Carcamo argues a decision on this issue would be premature as he has yet to request fees or costs.

The Court agrees with Carcamo.  The EAJA allows a party up to thirty days from "final judgment in the action" to submit an application for fees.  28 U.S.C. § 2412(d)(1)(B).  Accordingly, Carcamo is directed to file with this Court any application for fees under the EAJA within thirty days of the date of this order.  If he intends to request fees under any provision of law other than the EAJA, he must comply with any other applicable time requirements.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Respondent's objections, adopts the Report, and incorporates it herein.  Therefore, Carcamo's petition for a writ of habeas corpus is **GRANTED**.  As such, Carcamo's motion for a temporary restraining order or a preliminary injunction is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 9th day of March 2026, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE